## James Cushingham *v.* Lewis Phillips.

Upon the execution of an agreement between landlord and tenant for one year from the first of May, for a certain rent payable every two months in advance, the tenant deposited a sum of money as security for the performance of the contract on his part, agreeing with the landlord, that it should finally be applied on account of the rent, to accrue during the latter part of the year. On the 18th of May, the tenant was dispossessed by summary proceedings, under the statute, for the non-payment of the rent due at the commencement of the tenancy. *Held*, that the right of the landlord, to the first advance payment, being complete before the tenancy was terminated, was not taken away by the dispossession, and formed a legal set off in an action by the tenant to recover the deposit.

A party cannot complain simply "for money had and received." The code requires a plain statement of the cause of action; but where the case has been tried upon

Cushingham v. Phillips.

the merits; the complaint, on appeal, may be amended, according to the facts proved, so as to promote substantial justice.

By appearing on the return day, and pleading to the merits, the defendant, in a justice's court, waives a defect in the process.

THE plaintiff hired certain premises from the defendant, for one year, from the first day of May, 1852, at the rent of $500, payable every two months, in advance, and deposited with him $41 66, taking a receipt, in which the defendant (the landlord) agreed to hold the money as security for the performance of the tenant's contract, and to apply it finally to the advance payment, which would accrue on the first day of March, 1853.

On the 18th day of May, 1852, the tenant was dispossessed by summary proceedings under the statute, having failed to make the advance payment, due May first, when the tenancy commenced. The tenant, then, on the twenty fifth day of May, brought this action in the sixth district court, to recover the deposit of $41 66. The copy of the summons as served was returnable "on the 2d day of May, 185 ." Both parties, however, appeared on the intended return day, June 2d, 1852, when the defendant, before the cause was proceeded with, objected to the jurisdiction of the court, and alleged a defect in the process. The objection was overruled. The plaintiff then complained, "for money had and received, damages, $41 66." The defendant answered with a general denial, and claimed, among other things, to set off the payment due him for rent in advance on the first day of May. The plaintiff objected that the agreement for the hiring of the premises was made by his wife, without his authority, while he was absent from the city; but it would seem that he afterwards occupied the house with her, for a few days, and ratified her act. The receipt, signed by the defendant for the deposit, was given in the plaintiff's name, and not in that of the wife.

The plaintiff recovered judgment in the court below, and the defendant appealed.

*F. H. B. Bryan*, for the appellant.

*W. C. Carpenter*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—The objection to the summons is not available on this appeal. Whether the defendant could or not have taken advantage of it on the trial, it is unnecessary to decide. He appeared on the proper return day, and by pleading to the merits, he waived any objection to the process.

It is apparent that he was not misled by the error of the officer.

It is unnecessary, also, to decide in this case, whether the husband is liable for the act of the wife in hiring premises during his absence, for her use, because, although the agreement for the hiring is made by her, the evidence is, that the plaintiff himself actually hired and occupied. It is said in one place that the plaintiff is in California. Whether he was so or not when the contract was first made, does not appear. The receipt on which the action is founded, purports to be from the defendant, and the money is stated to be received as security for the rent of these premises. Without some other evidence of the receipt of this money than appears in the case, we can only give effect to the receipt by considering it a ratification by the plaintiff of the agreement made by his wife.

An objection is taken to the form of the complaint, and it is not without force, viz., that under the present system, the action cannot be obtained for money had and received. The code requires a plain statement of the plaintiff's cause of action, and he should have stated his claim according to the facts. But as the cause has been tried upon the merits, and we have power upon appeal to amend the pleadings so as to promote substantial justice, we order the pleadings to be amended in this particular, according to the facts, if such amendment should be necessary.

The only question which can arise on the other points stated by the defendant is, whether he is entitled to credit for the amount of rent which accrued from the 1st to the 18th of May. By the summary proceedings to dispossess the plaintiff, the

relation of landlord and tenant terminated on the 18th of May, 1852. No rent could become due in the month of March, 1853, on that contract; and therefore the condition for which the money was deposited never could happen, and the plaintiff was entitled to a return of it, subject to such deduction as the defendant could establish by way of a counter claim.

By the terms of the hiring, the rent was payable in advance for two months, so that on the 1st day of May, 1852, there was due by the plaintiff $83 33. This debt remained due to the defendant, although the lease was terminated by the dispossession of the tenant, and for it he could have maintained an action. (6 Hill, 507.) If so, it was a good set off to the plaintiff's claim, and should have been allowed by the justice.

I think, both legally and equitably, the defendant was entitled to ask that the money placed in his hands, as security for the rent of the premises hired for and occupied by the plaintiff's family, should be applied to the purpose for which the deposit was made.

The judgment should be reversed, and judgment ordered for the defendant, with costs.

Judgment reversed, with costs.